Filed 4/26/13  P. v. Mallory CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062556 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD240407) |
| LARRY GLENN MALLORY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County,

Dwayne K. Moring, Judge.  Affirmed.

INTRODUCTION

Larry Glenn Mallory entered a negotiated plea of guilty to possession of

methamphetamine for sale (Health & Saf. Code, § 11378).  He also admitted having a

prior conviction for selling a controlled substance.  (Health & Saf. Code, § 11370.2, subd.

(c).)  Consistent with the terms of the plea agreement, the trial court sentenced Mallory to

five years in local custody. Additionally, in exchange for his guilty plea and at the district attorney's request, the trial court dismissed another charge and seven other sentence enhancement allegations.

Mallory appeals. He requested and received a certificate of probable cause. His appellate counsel requested we conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Having done so and having identified no reasonably arguable appellate issues, we affirm the judgment.

BACKGROUND

In the plea agreement and during the plea colloquy, Mallory admitted he possessed methamphetamine for sale and had previously been convicted of possessing a controlled substance for sale. According to the probation report, San Diego police narcotics officers saw Mallory conduct a hand-to-hand transaction with two men in the parking lot of a fast food restaurant.

Uniformed officers were called to the scene to speak with Mallory. When the officers attempted to handcuff Mallory, he started to pull away as if he was going to run. The officers detained him and searched him based on a valid Fourth Amendment waiver. They found two cell phones, $94 in cash, 14 baggies of methamphetamine totaling 1.31 grams, and four baggies of cocaine totaling .73 grams. They also found 18 packets of marijuana totaling 13.4 grams in his backpack.

After his guilty plea and before the trial court sentenced him, Mallory requested new counsel under *People v. Marsden* (1970) 2 Cal.3d 118. After conducting a closed hearing, the trial court denied the request.

## DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below.  Counsel presented no argument for reversal, but requested we review the record for error as mandated by *People v. Wende*, *supra*, 25 Cal.3d 436, 440-442.  There were no possible, but not reasonably arguable appellate issues identified in the brief.  (See *Anders v. California* (1967) 386 U.S. 738, 744; *People v. Wende*, at p. 440; *People v. Feggans* (1967) 67 Cal.2d 444, 447.)

We granted Mallory permission to file a brief on his own behalf.  He did not do so.

As requested by counsel, we reviewed the record for error and did not find any reasonably arguable appellate issues.  Mallory has been competently represented by counsel on this appeal.

## DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:


McDONALD, J.


IRION, J.